IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                                         CRIMINAL ACTION NO. 3:09-00166

JAMES MICHAEL GIBSON

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant James Gibson's Motion for Hearing to Determine Mental Competency (Doc. 17) and the United States' Motion for Hearing to Determine Competency of Defendant, For Independent Psychiatric and Medical Examination and For Disclosure of Medical Records (Doc. 26). For the reasons explained below, the motions are **GRANTED.**

On July 14, 2009, Defendant was charged in a fifteen-count indictment with several counts of Mail Fraud, Misuse of a Social Security Number, and Aggravated Identify Theft; and with one count of Wire Fraud. Trial for this case is currently scheduled for October 20, 2009, with the pretrial motions hearing set for September 28, 2009. In accord with Rule 12.2 of the Federal Rules of Criminal Procedure, on September 14, 2009, Defendant noticed his intention to (1) assert a defense of insanity, and (2) introduce expert evidence related to mental disease or defect. On the same day, Defendant filed a Motion for Hearing to Determine Mental Competency pursuant to 18 U.S.C. § 4241. Defendant argues that as a consequence of his Asperger's Syndrome, a rare congenital form of autism, he is (1) not able to properly assist his counsel in preparing and tendering a defense and therefore not competent to stand trial; and (2) not criminally responsible for the pending charges. As support, Defendant provides a report by Fred Jay Krieg, Ph.D., a licensed psychologist, in which

Dr. Krieg concludes that Defendant "is not competent to stand trial because ... [h]e does not sufficiently present the ability to consult with his attorney with a reasonable degree of rational understanding," *Def.'s Mot. to Seal*, Ex. A, 18; and that "Mr. Gibson is not criminally responsible for his behavior because his mental illness of Asperger's Disorder also gives him a mental defect, which does not give him an understanding of the criminal nature of his behavior." *Id.*, 18-19. Defendant is on supervised release pending trial.

The United States, upon motion by Erik S. Goes, Assistant United States Attorney for the Southern District of West Virginia, submits that there is reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to stand trial and/or not criminally responsible for some or all of his actions leading to his indictment. *See* Doc. 26. Accordingly, the Government moves the Court to order a hearing be held to determine Defendant's mental competency. Additionally, the Government moves pursuant to 18 U.S.C. § 4241(b) that the Court order a psychiatric examination be conducted by a psychiatrist retained by the United States; that Defendant submit to such neurological testing as deemed necessary to complete such exam; and that a psychiatric report be filed with the Court pursuant to 18 U.S.C. §§ 4247 (b) and (c). Finally, the Government moves the Court to order that Defendant disclose all relevant medical records for use during the independent psychiatric and medical examinations and at any subsequent hearing regarding Defendant's competency.

Upon motion, a court shall grant a hearing to determine the mental competency of a defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his

defense." 18 U.S.C. § 4241(a). As submitted by the United States, Dr. Krieg's conclusions provide reasonable cause to believe that Defendant may suffer from a mental disease or defect rendering him mentally incompetent to stand trial and/or not criminally responsible for some or all of his actions leading to his indictment. Thus, the Court **FINDS** a hearing on Defendant's mental competency is warranted pursuant to 18 U.S.C. § 4241(a) and **GRANTS** Parties' respective motions for such hearing.

It is further **ORDERED** that a psychiatric or psychological examination of Defendant be conducted; that Defendant submit to such neurological testing as is necessary to complete such examination; and that a psychiatric or psychological report be filed with the Court pursuant to 18 U.S.C. §§ 4247 (b) and (c).[1] *See* 18 U.S.C. §§ 4241(b) & 4242(a); Fed. R. Cr. Pro. 12.2(c)(1)(B). In light of Defendant's liberty interests, and with the goal of promoting efficiency in its own proceedings, the Court **ORDERS** a local, non-custodial examination to be conducted by a licensed psychiatrist or psychologist retained by the Government.[2] The Court **ORDERS** the examination be conducted **within 30 days** of this Order and **SUSPENDS** all existing pretrial deadlines, and Defendant's current trial date, pending such examination and submission of the psychiatric report.

It is further **ORDERED** that Defendant disclose forthwith to the United States, for its use during the independent psychiatric and medical examinations and at any subsequent hearing regarding Defendant's competency, all relevant medical records namely, the

---

[1] In addition to the content requirements provided for in 18 U.S.C. § 4247(c), the Court **ORDERS** that the report include the examiner's opinion as to whether Defendant poses a danger to himself or others.

[2] The United States represents that it has tentatively contacted Dr. Ralph Smith of Charleston, West Virginia, to conduct Defendant's examination. Pending scheduling, the Court **FINDS** the use of Dr. Smith acceptable.

medical, psychiatric, and psychological records, including, but not limited to: discharge summaries, consultation reports and notes, and MRI scans and reports in the possession or received by Defendant's psychiatrist, namely, Dr. Krieg.

The delay resulting from the examinations of Defendant and any further hearings which may be had on the issue of mental competency shall be excluded in computing time under the Speedy Trial Act as set forth in 18 U.S.C. § 3151(h)(1)(A). The Clerk is **DIRECTED** to send a copy of this Order to counsel of record, the United States Marshall with the Southern District of West Virginia and the Probation Office of this Court.

ENTER: September 22, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE